# The Watanabe Law Firm, LLC

*This letter should be filed*
*SO ordered.*
*3/23/11   /s/ John G. Koeltl*
*USDJ*

March 22, 2011

**RECEIVED**
MAR 2 3 2011
CHAMBERS OF
JOHN G. KOELTL
U.S.D.J.

**VIA FACSIMILE**
Hon. John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-23-11

Re: ~~Eiji Suda, et al. v. Sushiden America,~~ Inc., and Sushiden Corporation, Index No. 10-CV-5692 (JGK)

Dear Judge Koeltl:

Further to the settling Parties' request for an *in camera* inspection of the settlement agreement in the above-referenced action and in furtherance of the Court conference held on March 10, 2011, the settling Parties now, at the Court's request, write jointly in furtherance of their arguments made in support of the settling Parties' joint application for judicial approval of the settlement agreement and release of FLSA claims, for a "So Ordered" Stipulation of Dismissal with Prejudice pursuant to Fed.R.Civ.P. 41(a)(2), and for an Order that the settlement agreement to be filed be redacted in part.

For the reasons set forth below, it is requested that the settling Parties' application be granted.

I.  **Legal Standards for Approval of FLSA Settlement**

"The standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement." *Khait v. Whirlpool Corp.*, 2010 WL 2025106, at *6 (E.D.N.Y. Jan. 20, 2010); *see also Torres v. Gristede's Operating Corp.*, 2010 WL 5507892, at *6 (S.D.N.Y. Dec. 21, 2010); *deMunecas v. Bold Food, LLC*, 2010 WL 3322580, at *6 (S.D.N.Y Aug. 23, 2010).

In approving the settlement of an FLSA claim, a court is to scrutinize the settlement for fairness as a whole, not approve individual parts. *Boucaud v. City of New York*, 2010 WL 4813784, at *2 (S.D.N.Y. Nov. 16, 2010).

To determine the fairness of a settlement under FLSA, "the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Tuan Le v. Sita Information Networking Computing USA, Inc.* 2008 WL 724155, at *1 (E.D.N.Y.

Mar. 13, 2008) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). The court reviews FLSA settlement agreements because there is a "fear that employers would coerce employees into settlement and waiver [of their claims]." *See, e.g., Manning v. New York University*, 2001 WL 963982, at *11 (S.D.N.Y. Aug. 22, 2001).

Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *Khait*, 2010 WL 2025106, at *7 (citing *Lynn's Food Stores*, 679 F.2d at 1353 n. 8 (11th Cir. 1982)); *deMunecas*, 2010 WL 3322580, at *6. "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Khait*, 2010 WL 2025106, at *7 (citing *Lynn's Food Stores*, 679 F.2d at 1353-54); *see also Mohney v. Shelly's Prime Steak, Stone Crab & Oyster Bar*, 2009 WL 5851465, at *4 (S.D.N.Y. Mar. 31, 2009).

Settlement of FLSA cases is judicially approved where it is the result of "arm's-length negotiations, which were undertaken in good faith by counsel...and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Reyes v. Buddha-Bar NYC*, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009); *See D'amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (citing *In re Austrian & German Bank Holocaust Litig.*, 80 F.Supp.2d 164, 173-74 (S.D.N.Y. 2000)). *Mohney*, 2009 WL 5851465, at *4. Where "the proposed settlement reflects a reasonable compromise over contested issues," the settlement should be approved. *Torres*, 2010 WL 5507892, at *6.

## II. A Fair and Reasonable Compromise of Disputed Issues

Applying the above legal standards, the settlement agreement in the instant case should be approved.

### A. The Experience of Party Counsel

Each settling party is represented by experienced counsel. Each counsel's practice focuses on employment law and each individual attorney has experience in FLSA matters. Plaintiffs' counsel is the highly experienced Vladeck, Waldman, Elias & Engehard, P.C., a law firm which specializes in employment law and has litigated FLSA cases within and outside this District. Settling Defendant's counsel, The Watanabe Law Firm, LLC, similarly focuses its practice in the area of employment law, including FLSA cases, and its attorneys represent both individuals and businesses in FLSA and state wage and hour law matters.

### B. Arm's Length Negotiation By Counsel, Undertaken in Good Faith, and More Than Full Recovery of FLSA Damages by Plaintiffs

The negotiations in this case settling FLSA claims and leading up to the negotiated settlement agreement were conducted by the settling Parties' respective counsel at arm's length over a period of more than two months. During this period, the

2

parties exchanged over 1,250 pages of documents. Based on an analysis of settling Defendant's time records, pay stubs, tip records, and other evidence, Plaintiffs' counsel calculated damages recoverable by each Plaintiff after trial, including liquidated damages, under both the FLSA and the New York Labor Law. Based upon those calculations, Plaintiffs' counsel proffered to settling Defendant's counsel a breakdown of individual Plaintiff damages for settlement purposes ("settlement breakdown or breakdown"), which amounts having been accepted are now set forth in Paragraph 4 of the Settlement Agreement.

Plaintiffs' calculation of damages covered the period during which the violations are claimed to have occurred between 2004 and 2009. The breakdown's calculations also assumed the full three-year statute of limitations for the FLSA claims.[1]

Each settling party considers Plaintiffs' calculation of damages as a good faith calculation of damages for purposes of settlement. Those amounts exceed the amount of recovery which Plaintiffs might otherwise receive if they were to fully prevail on all their FLSA claims after trial, including the willful violation claim. The agreed upon settlement also amounts to more than three quarters of the total damages which might have been recoverable by Plaintiffs had they fully prevailed on both their FLSA and State Labor Law claims. While Defendants initially disputed Plaintiffs' claims concerning the number of hours of overtime worked, whether the violations, if any, were willful, and interposed a defense of personal jurisdiction over Defendant Sushiden Corporation, a settlement was reached, all towards avoiding a protracted and expensive litigation.

The settling Parties having agreed to pay the amount of recovery claimed by Plaintiffs as damages where each settling party has been separately represented by counsel, and the settlement amount and settlement agreement having been reached as a result of an arm's length negotiation, the proposed settlement reflects a "reasonable compromise over contested issues" and is not a "mere waiver of statutory rights brought about by an employer's overreaching." *Tuan Le*, 2008 WL 724155, at *1. Furthermore, "the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation" and, indeed, with the settling Parties' agreement to resolve the action through acceptance of Plaintiffs' calculation of damages without dispute, it is clear that there is no overreaching by the former employer and no Plaintiff has been coerced to accept settlement or waive claims. *See Reyes*, 2009 WL 5841177, at *3; *Manning*, 2001 WL 963982, at *11.

### C. The Settlement of Attorneys' Fees is Fair

The settlement agreement also provides for a sum to be paid to Plaintiffs' counsel as attorneys' fees. Plaintiffs are entitled to recover attorneys' fees under both the FLSA and the New York Labor Law. 29 U.S.C. § 216(b); N.Y. Labor Law § 663(1). The

---

[1] Plaintiff Eiji Suda left his employment with settling Defendant in September 2009. Plaintiff Hashimoto left her employment with settling Defendant in June 2007. Plaintiff Mie Suda left her employment with settling Defendant in December 2009.

3

measure of reasonable fees is the lodestar, or the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1672-73 (2010); *see Tucker v. City of N.Y.*, 704 F. Supp. 2d 347, 359 n.10 (S.D.N.Y. 2010) ("[S]ettled case law [is] that the setting of statutory [attorneys'] fees does not require proportionality between the plaintiff's recovery and the amount of the fee award." (citing *City of Riverside v. Rivera*, 477 U.S. 561 (1986)).

Plaintiffs' counsel's full fees calculated under the lodestar method are higher than the amount accepted in settlement. Plaintiffs' counsel has expended over 175 hours of attorney time and 90 hours of law clerk and paralegal time on this case to date, and anticipate spending at least another ten to fifteen hours of attorney time prior to conclusion of the matter. Plaintiffs have also incurred out-of-pocket costs. Calculated at rates comparable to those this court recently approved for the Vladeck firm, *see Allende v. Unitech Design, Inc.*, No. 10 Civ. 4256 (AJP), Slip. Op. at 7 (S.D.N.Y. Mar. 15, 2011), plaintiffs' fees and expenses will total more than the amount provided for in the settlement agreement. Detailed billing records are available for the Court's inspection.

For these reasons, because the instant settlement of FLSA claims have been reached as a result of "contested litigation to resolve *bona fide* disputes" and whereas courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement, the proposed settlement is a reasonable compromise over contested issues and should be approved. *Khait*, 2010 WL 2025106, at *7.

## III. Application to Redact Settlement Amount Information from the Settlement Agreement

The application to seal the settlement agreement having been withdrawn, the settling Parties now request that those parts of the settlement agreement reflecting settlement amounts (i.e., the individual settlement amounts and the sum total of the settlement amounts) be redacted.

While there is some conflict amongst district courts concerning sealing of settlement agreements involving FLSA claims, in this instance the settling Parties' application is not an application to file the entirety of the agreement under seal, but only an application to redact certain sections of the settlement agreement pertaining to settlement amounts.

In considering an application involving a request to file under seal, the Court applies a balancing test weighing the presumption of public access to public documents against any interests favoring nondisclosure. *See In re September 11 Litigation*, No. 21 MC 101, 2010 U.S. Dist. LEXIS 14805, at *24 (S.D.N.Y. Feb. 19, 2010). In balancing the competing interests, the presumption of public interest may be rebutted by countervailing interests. *Id.; see Medley v. Am. Cancer Soc.*, 10-CV-3214, 2010 WL 3000028 (S.D.N.Y. July 23, 2010) (approving filing under seal of FLSA settlement agreement); *cf. Gambale v. Deutsche Bank AG*, 377 F.3d 133 (2d. Cir 2004) ("If nothing else, honoring the parties' express wish for confidentiality may facilitate settlement.").

4

In this case, the amount of settlement is closely tied to the individual Plaintiffs' compensation. Plaintiffs would prefer to protect the privacy of their earnings. Since the entirety of the settlement agreement is not sought to be filed under seal, a lesser standard for redaction should apply because the public's access to the document is not the document itself, but only as to certain information.

However, even if the same standard for filing under seal were to be applied, countervailing interests sufficiently rebut the presumption of access to the limited amount of information seeking to be redacted. Indeed, as stated above, in this instance the public access to documents is not undermined, thwarted, or frustrated because the settling Parties do not seek to file the entirety of the settlement agreement under seal, but seek to file the settlement agreement excepting that information reflecting settlement amounts. This critical distinction separates this case from those cases where the entire settlement agreement was sought to be filed under seal and such relief was denied by the Court. *See, e.g., Hens v. Clientlogic Operating Corp.*, 2010 WL 4340919, at *2.

Further, for the reasons discussed at the March 10, 2011 Court conference, the interests favoring redaction of the settlement amounts outweigh the presumption of the public access to that information. *See Savarese v. Cirrus Design Corp.*, 2010 WL 815027, at *1 (S.D.N.Y. Mar. 9, 2010) (this Court ordering settlement amounts be filed under seal).

While the prospect of future litigation by itself is not sufficient cause to override the presumption of public access to documents (*see, e.g., Hens*, 2010 WL 4340919, at *3 (W.D.N.Y. Nov. 2, 2010)), countervailing factors here rebut the presumption of open access to settlement terms.

In this instance, settling Defendant's agreement to make restitution of damages and to settle the matter for the amount of damages claimed by Plaintiffs to be recoverable by them after trial has already negatively impacted its business concern and poses appreciable risk to continued operation. It is respectfully submitted that redaction of the individual and collective settlement amounts will allow for complete settlement of Plaintiffs' FLSA claims without further jeopardizing settling Defendant's ability to continue its business as a going concern, while redaction defeats no greater countervailing public interest since: 1) the entirety of the settlement agreement, excepting settlement amounts, will become a matter of public record; 2) the public will be noticed and assured that after judicial review there has been no overreaching by employer and that the damages to be paid Plaintiffs are "fair and thus do not endanger the national health and well-being" (*see Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706, 709, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); and 3) FLSA rights will have been judicially administered and enforced (*see, e.g., Dees v. HydraDry, Inc.*, 2010 WL 1539813, at *12 (M.D. Fla. Apr. 19, 2010) (discussing Congressional intent concerning workplace rights).

5

Lastly, the request for limited redaction is "narrowly tailored" and not overbroad so that it contravenes, thwarts, or otherwise deters enforcement of the FLSA. *See Id., citing Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984) (where a request to seal it must be narrowly tailored).

Should the Court grant the settling Parties' request for redaction of settlement amounts from the settlement agreement, counsel will provide the Court with a redacted copy of same for filing.

For these reasons and those communicated to the Court at the March 10th conference, redaction of the individual and collective settlement amounts set forth in the settlement agreement is jointly requested on behalf of their respective clients by both Plaintiffs' and settling Defendant's counsel.

Respectfully submitted,

THE WATANABE LAW FIRM, LLC

By: _____

William Keith Watanabe
Attorneys for Settling Defendant
Sushiden America, Inc.

cc:   Anne Clark, Esq. (via facsimile)
      Maia Goodell, Esq. (via facsimile)
      *Attorneys for Plaintiffs*

6